Irene DECKER, as beneficiary and as surviving spouse of Richard Markus Decker, deceased, Appellant,

v.

NEW YORK LIFE INSURANCE COMPANY, Appellee.

No. 20649.

United States Court of Appeals Fifth Circuit.

March 4, 1964.

Dan A. Hames, Harold L. Greene, and Taylor, Brion & Rollins, Miami, Fla., for appellant.

Cotton Howell and Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS * and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant's husband, Richard Markus Decker, procured insurance on his life from the appellee, New York Life Insurance Company, payable to his wife, Irene Decker, the appellant, in the face amount of $10,000, under a policy or contract which provided, among other things, that the appellee would pay double the face of the policy "upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause. * * *" The provision for double indemnity was not applicable if death resulted "directly or indirectly from physical or mental infirmity, illness or disease of any kind." The appellant was the beneficiary under the policy. The

* Of the Tenth Circuit, sitting by designation.

insured died in 1961. The face amount of the policy was paid. The insurance company denied liability under the double indemnity clause, and the beneficiary brought suit in the United States District Court for the Southern District of Florida. A jury verdict was rendered for the beneficiary. The court rendered its judgment notwithstanding the verdict for the insurance company. The cause comes before this Court on an appeal from that judgment.

For two years or more before his death the insured had a heart condition. For the treatment and control of this condition his physicians had prescribed a diet and several drugs, including an anticoagulant. On June 29, while in Ventura, California, the insured was injured in an automobile accident. Bleeding resulted from lacerations. In order to aid in stopping bleeding the administering of the anticoagulant was discontinued and a blood coagulant was prescribed. On July 6, 1961, the insured left the hospital against the doctor's advice, had a heart attack the same day, was returned to the hospital, and died early the following morning. The cause of death was an acute myocardial infarction due to hypertensive arteriosclerotic heart disease. The appellant's theory, urged at the trial, is that the death resulted, not from the insured's condition of arteriosclerosis, but from the injuries received in the automobile accident and the treatment which was given for those injuries. On appeal it is contended that there was a fact issue as to the cause of death and it was error to reject the jury's determination of that issue.

The assured and the appellant were residents of Florida. Decisions of Florida courts were relied upon as announcing the governing principles of law. So far as we know the most recent of the Florida decisions dealing with the question here presented is Berg v. New York Life Insurance Company, Fla., 88 So.2d 915. The insurance contract there involved was issued by the same insurer as here. The double indemnity clause there is in the same language as here. There,

as here, the insured had arteriosclerosis prior to and at the time of the "accident" which preceded the insured's death. Berg, the insured, upon returning home with his wife about midnight found burglars in their apartment. One of them "roughed him up." He went into shock, was taken to the hospital the following night and died the next morning. It appeared from the evidence that the insured most probably would not have died if he had not had diseased blood vessels. In affirming a judgment for the insurance company, the Supreme Court of Florida stated the rule in these terms:

"Double indemnity policies imposing liability when death results from bodily injury effected solely by external, violent and accidental means generally contain an exemption from such liability if death results directly or indirectly from disease or bodily infirmity. When such provisions are construed together or if the accidental injury and the preexisting disease or infirmity cooperate in causing the death of insured, doubled indemnity can not be recovered even though the injury is an active, efficient and procuring cause, provided the disease or infirmity contributes either directly or indirectly to causing insured's death." 88 So. 2d 915, 917.

In Corpus Juris Secundum it is stated that:

"If an accidental injury and the preëxisting disease or infirmity coöperate in causing the death of insured, double indemnity cannot be recovered, even though the injury is an active, efficient, and procuring cause, provided the disease or infirmity contributes, either directly, or indirectly, to the causing of insured's death, or if, as has been held, the disease or infirmity is the proximate cause of insured's death. This rule applies where the preëxisting disease so aggravates the effect of the accident, or the accident so aggravates the effect of the disease, that the accident would not have

proved fatal except for the disease." 45 C.J.S. Insurance § 938, p. 1088. The foregoing statement of the rule was quoted with approval in The Maccabees v. Terry, Fla., 67 So.2d 193. This Court, in a diversity case applying Florida law, made this succinct statement of the rule:

"Though the insured sustained a personal injury by the happening of an external violent and purely accidental event, his death was not brought about solely and independently of all other causes by that accident, if, at·the time the accident occurred, it would not have caused his death if he had not then been afflicted with a previously existing disease or infirmity, and if the accident had not aggravated the effect of the disease or infirmity, or the disease or infirmity had not aggravated the effect of the accident." Ryan v. Continental Casualty Co., 5th Cir. 1931, 47 F.2d 472, 473.

There was no substantial conflict in the medical testimony. It appeared from such testimony that the injuries were not such as would, of themselves, have caused death. It appeared too that the insured's heart condition was not then such as was likely to cause his death at that time. It could have been inferred that if it had not been for the stopping of the anticoagulant and the administering of the coagulant in treating the injuries sustained in the accident, the fatal heart attack would not have occurred at that time. But it does not follow that death resulted directly and independently of all other causes from the accidental injury merely because the treatment of the injury impaired the treatment of the heart condition with the result that the heart condition took a fatal turn. The decedent died of a preexisting heart condition and hence it was a cause of death. This, we think, is so even though the injury and the treatment of it were active and contributing causes. With the preexisting heart condition, whether called a disease or infirmity, contributing to the insured's death, there can be no

recovery on the double indemnity provisions of the policy. See Berg v. New York Life Insurance Co., supra. The judgment notwithstanding the verdict was properly entered. That judgment is

Affirmed.