164 So.2d 576 (1964)
Sam F. GOLDSTEIN, Appellant,
v.
PAUL REVERE LIFE INSURANCE COMPANY, Appellee.
No. 63-556.
District Court of Appeal of Florida. Third District.
May 12, 1964.
Rehearing Denied June 17, 1964.
Fred Patrox, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Joseph F. Jennings, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by plaintiff below from a final decree of the chancellor which provided:
"THIS CAUSE came on for final hearing before me on the plaintiff's Complaint for Declaratory Relief and the Amendment thereto and the defendant's Answer to the plaintiff's Complaint as amended. After considering the pleadings, the testimony of the witnesses, the exhibits in evidence, and arguments of counsel, the Court finds from the evidence:
"On the 17th day of November, 1955, the defendant issued to the plaintiff two (2) policies of insurance. One policy, numbered 719182, and designated Acme Accident Policy, insured the plaintiff against loss resulting from *577 accidental bodily injuries, and the second policy, numbered 719183, and designated The Lexington Policy, insured the plaintiff against loss resulting from (1) accidental bodily injuries and (2) disability from sickness.
"On the morning of the 29th day of August, 1960, the plaintiff, a plasterer by trade, was helping a laborer to load a truck with wooden planks and, while so engaged, he got a severe pain in the chest. That same day, the plaintiff was admitted to the hospital with an admitting diagnosis of myocardial infarction. The plaintiff made a claim under The Lexington Policy for total disability benefits for loss resulting from sickness and it was agreed by counsel that benefits under this policy were paid up to November 25, 1961. Plaintiff's claim for total disability benefits under the Acme Policy were denied.
"The policies of insurance upon which this action is brought are clear and unambiguous and the language of said policies, therefore, must be given their plain, everyday meaning.
"The plaintiff's `heart attack', which the medical witnesses described as a myocardial infarction, does not and did not on August 29, 1960 constitute an accidental bodily injury under the policies issued by the defendant.
"Benefits have been paid to the plaintiff under The Lexington Policy up to the 25th day of November, 1961, at which time the payments were discontinued.
"On the 25th day of November, 1961 and thereafter, the plaintiff did not suffer from a complete inability to engage in gainful occupations for which he was reasonably fitted by education, training and experience, and such inability did not exist thereafter, up to and including the date of the final hearing in this cause.
"It is, thereupon,
"ORDERED, ADJUDGED AND DECREED that the plaintiff, SAM F. GOLDSTEIN, is not entitled to benefits under the contracts of insurance which are the subject matter of this suit, and the plaintiff shall take nothing by his suit and the defendant shall go hence without day and recover its costs to be hereinafter taxed."
Appellant raises one point by this appeal, to-wit: the events which resulted in appellant's incapacity constituted an "accidental bodily injury" within the meaning of the insurance policy. We can not agree.
Appellant contends that he suffered the heart attack which disabled him by virtue of a strain suffered while lifting some planks[1].
The question of whether a heart attack which follows exertion is within the terms of an insurance policy insuring against accidental bodily injury, has been the subject of much litigation with many conflicting results[2]. Insofar as Florida is concerned, however, this is a question of initial impression, and we must look to the decisions of our sister states for their experience in regard to this problem.
The states are relatively evenly divided, numerically, between those that hold such a factual situation to be accidental injury and those that reach an opposite result. The ratio decidendi of those courts which hold a strain-induced heart attack to be accidental[3], reason that the activity's (lifting, pushing, pulling, etc.) result (heart *578 attack) was unforeseeable, unintentional, unlikely and therefore "accidental" as opposed to intentional[4].
On the other hand, those states which adopt the opposite view argue two ways. First they say that the heart attack resulted from a voluntary act, i.e., lifting, pulling, straining, etc., and although the result is unexpected it does not diminish the voluntariness of the act[5]. A planned event (lifting a plank) which results in an unexpected manner is not such a non-intentional act as to constitute an accident[6]. Secondly, it is argued that accident, as all other terms, should be defined and given their everyday "man-on-the-street" understood meaning. An accident is usually thought to be an external physical injury as opposed to a disease[7]. It is the opinion of this court that the rule adopted by those courts, holding a heart attack resulting from strain is not an accident or accidental bodily injury, is the sounder proposition. Therefore, the heart attack suffered by appellant as a result of his lifting planks is not an accidental bodily injury[8] within the risk insured against by appellee, and the trial court's ruling in this regard is affirmed.
Affirmed.
NOTES
[1] Appellee contests this factual inference, but for our purposes, even admitting appellant's factual contention, his legal contention is not adopted.
[2] Annotation, 56 A.L.R.2d 800.
[3] id. at pp. 802-808.
[4] New York Life Insurance Company v. Kramer, Okl. 1957, 324 P.2d 270; Metropolitan Casualty Ins. Co. of New York v. Fairchild, 215 Ark. 416, 220 S.W.2d 803 (1949); Harris v. John Hancock Mut. Life Ins. Co., 78 N.J. Super. 578, 189 A.2d 832 (1963).
[5] 56 A.L.R.2d 808-816.
[6] Thompson v. General Insurance Company of America, 226 Or. 205, 359 P.2d 1097 (1961); Miller v. Prudential Insurance Company of America, 183 Kan. 667, 331 P.2d 310 (1958).
[7] Zechar v. All American Casualty Co., 116 Ohio App. 41, 186 N.E.2d 500 (1961).
[8] Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511, 193 A.2d 217 (1963); Scharmer v. Occidental Life Ins. Company, 349 Mich. 421, 84 N.W.2d 866 (1957); Wilcox v. Mutual Life Insurance Company of New York, 265 N.Y. 665, 193 N.E. 436 (1934); 45 C.J.S., Insurance § 754.