JOHNSON, Judge.
In this case suit was brought on an accident insurance policy and the question raised by the defendant was whether the death of insured was caused by automobile accident, directly and independently of any other cause. The case was tried without a jury and the primary evidence consisted of depositions of two doctors and some documentary evidence. The trial court found for the defendant as to the death benefits but entered judgment for the plaintiff as to medical payments, which were not contested by the defendant.
*60 The deposition of the doctor attending the deceased, before, at and after the accident, which occurred on December 24, 1964, with death occurring on January 7, 1965, stated that in his opinion death was the result of a combination of the accident and the deceased’s other physical ailments. He did say, however, that probably the deceased would not have died on January 7, 1965, had it not been for the accident. His medical report, however, showed that the deceased was doing pretty good for 36 hours after the accident, but had the D. T.’s and finally died of a coronary artery occlusion, arteriosclerotic heart disease, preceded by an auto accident. Certain interrogatories of this doctor were offered in evidence but objection thereto was sustained by the trial court on the ground the same contradicted the deposition. This would probably have been error, but the trial court read the answers to the interrogatories and stated that even if the same were admissible, the plaintiff had failed to prove death to have come within the provisions of the policy.
The defendant’s expert witness gave his opinion based solely upon the medical report of the attending physician, the death certificate and deposition of said doctor. His conclusion was that the insured did not die directly and independently of any other cause than the accident.
The trier of the facts having made his findings, it is not within our prerogative as an appellate court to substitute our judgment therefor if there appears competent evidence to support such findings.
In this case we find there was sufficient evidence to support the trial court’s findings of fact and therefore, the judgment as entered should be and is hereby
Affirmed.
RAWLS, Acting C. J., and SPECTOR, J., concur.