Peter M. BRADY, Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY COMPA-
NY, Defendant-Appellee.

No. 74–1713
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1974.

T. G. LaGrone, F. Hartselle Baker, Edward H. Hurt, Orlando, Fla., for plaintiff-appellant.

W. B. Hallowes, Jr., Orlando, Fla., for defendant-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

In this Florida diversity action by appellant Brady against Continental Casualty Company for recovery of benefits for permanent total disability under an accident disability insurance policy the jury rendered a verdict in favor of Continental. By this appeal, appellant Brady complains that the district court committed error in refusing to grant him a directed verdict on the grounds that the definition of the word "injury" contained in the policy of insurance was ambiguous.

Being a diversity case, this court must apply Florida substantive law. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). On the basis of the decisions of Florida courts in Berg v. New York Life Insurance Company, 88 So.2d 915 (Fla.1956), and Roberts v. Southern Farm Bureau Casualty Ins. Co., 215 So. 2d 59 (Fla.App.1968), as well as other Florida decisions,[1] it seems clear that an

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See also, Benante v. Allstate Insurance Company, 477 F.2d 553 (5th Cir. 1973);

Prudential Insurance Company of America v. Schreffler, 376 F.2d 397 (5th Cir. 1967); Decker v. New York Life Insurance Company, 328 F.2d 650 (5th Cir. 1964); Ryan v. Continental Casualty Co., 47 F.2d 472 (5th Cir. 1931), construing Florida law.

insured seeking to recover permanent total disability benefits under an insurance policy which provides that the permanent total disability must result from bodily injury caused by an accident and resulting directly and independently of all other causes, has the burden of proving that the cause of his disability falls within these provisions. In the instant case, the evidence indicated that the insured's disability was caused by pre-existing conditions which was merely aggravated by the accident, and on the evidence submitted appellant was not entitled to recover under the terms of the contract of insurance.

Judgment affirmed.