306 So.2d 147 (1975)
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,
v.
Mary K. ANGLIN, Appellee.
No. 74-142.
District Court of Appeal of Florida, Second District.
January 15, 1975.
John W. Emerson, Jr., Treadwell, Emerson, Elkins & Boughner, Naples, for appellant.
Robert A. Neinas, Naples, for appellee.
GRIMES, Judge.
This is an appeal from a judgment entered upon a jury verdict awarding appellee $20,000 accidental death benefits under an insurance policy issued by appellant.
The appellee's husband was a forty-nine year old deputy sheriff. As such he was called to investigate an automobile which had apparently run off the road. When he arrived at the scene, he attempted to wake the driver of the vehicle. At this point, the driver started fighting with the deputy. The deputy was eventually able to place the other man in the patrol car. During the scuffle which lasted several minutes, the driver hit the deputy at least ten times. *148 After the driver was in the back seat, the deputy went to the front of the car where he picked up his radio microphone and then fell over backwards. From that time forward, there is no evidence that the deputy was any longer alive.
A pathologist who performed an autopsy testified that the deputy had had a condition of atherosclerosis for a number of years. He said the immediate cause of death was a heart attack brought on by the severe physical exertion and external injuries. He said that the death would not have been caused by the physical injuries in absence of the coronary disease, but stated that he would not be able to separate the physical strain of the scuffle from the cause of death.
The hazard insurance certificate applicable to Deputy Anglin provided for accidental death benefits "if injury shall result, within ninety days from the date of the accident, in the death of an insured." Under the heading of definitions, the policy further stated as follows:
"`Injury' whenever used in the Policy means injury which causes loss resulting, directly and independently of all other causes, from accidental bodily injury providing such Injury occurs while the Policy is in force with respect to the Insured and arises, independently of all other causes... ."
The substantial trauma inflicted upon Deputy Anglin distinguishes this case from the line of authorities specifically dealing with heart attacks brought on by the strain of voluntary activities. See Goldstein v. Paul Revere Life Insurance Company, Fla.App.3d 1964, 164 So.2d 576. Furthermore, we have no difficulty in terming the external trauma of the struggle as accidental. The problem occurs because this trauma acted upon a pre-existing ailment so as to cause the death.
The courts of our nation have often wrestled with the problem of whether accidental death benefits are payable where both the insured's pre-existing physical condition and an accident combine to bring about the death of the insured under circumstances that but for either the condition or the accident the death would not have resulted. Often, but not always, the cases turn upon subtle distinctions in the policy language. Thus, 10 Couch on Insurance 2d, § 41:380, states:
"§ 41:380. Distinction between express exclusion clause and `caused solely by accident' clause.
There is a distinction between an accident policy covering loss `resulting directly, independently and exclusively' from other causes and a similar policy containing the additional phrase excluding disability `wholly or in part, directly or indirectly, from disease or other bodily infirmities,' or phrases of like nature. The phrase `resulting directly, independently and exclusively' refers to the efficient, substantial, and proximate cause of the disability at the time it occurs. On the other hand, a policy containing the additional phrase set out above refers to another contributory cause, whether proximate or remote. Where, under a policy containing only the first phrase, the accidental injury acts upon a pre-existing disease causing total disability which except for such disease would not have occurred, the injury is deemed to be the proximate cause of the disability entitling recovery. But it is otherwise where the policy contains the additional phrase indicated above... ."
See also 84 A.L.R.2d 176, 184.
The leading Florida decisions on this subject can only be harmonized by drawing the distinction referred to by Couch. In Maccabees v. Terry, Fla. 1953, 67 So.2d 193, the Supreme Court held that if an accidental injury and a preexisting disease cooperate in causing the death of an insured, his beneficiary is not entitled to recover accidental death benefits. The insurance policy contained a provision excluding coverage if the death resulted directly *149 or indirectly "from illness, disease, or from physical or mental infirmity."
Because of its facts, the case of Berg v. New York Life Insurance Company, Fla. 1956, 88 So.2d 915, represents a stronger statement of this position. There, the insured had been roughed up by two robbers who broke into his home. He went into shock and died the next day. He had a pre-existing condition of arteriosclerosis, and the immediate cause of death was cerebral hemorrhage. In affirming a decision for the insurance company, the court said:
"Double indemnity policies imposing liability when death results from bodily injury effected solely by external, violent and accidental means generally contain an exemption from such liability if death results directly or indirectly from disease or bodily infirmity. When such provisions are construed together or if the accidental injury and the preexisting disease or infirmity cooperate in causing the death of insured, doubled indemnity can not be recovered even though the injury is an active, efficient and procuring cause, provided the disease or infirmity contributes either directly or indirectly to causing insured's death... ."
On the other hand, the Supreme Court in Jones v. General Accident, Fire & Life Assur. Corp., 1935, 118 Fla. 648, 159 So. 804, said:
"A bodily injury may be the direct and exclusive cause of death within the meaning of the policy of insurance in this case when such bodily injury directly and exclusively makes active and progressive a then existing dormant, inactive, diseased condition of the insured, whereby death results; and in such case there may be liability of the insured under the policy, even though the bodily injury would not have resulted in the death of the insured, had he not had the dormant inactive diseased condition of his person... ."
Likewise, in Great American Insurance Company v. Cornwell, Fla.App. 1st, 1966, 191 So.2d 435, a judgment against the insurance company was upheld where the insured had received non-lethal bodily injuries in an accident and died two weeks later. The insured had a history of coronary arteriosclerosis, and the immediate cause of death was acute coronary thrombosis. While the applicable policy provided that the loss should result directly and independently of all other causes, it was similar to that in Jones, supra, in that it did not contain a clause excluding liability when the loss is caused directly or indirectly in whole or in part by any form of condition or disease. The First District Court of Appeal distinguished Terry because of the existence of an exclusionary clause in that case.
The federal cases of Prudential Insurance Company of America v. Schreffler, 5th Cir.1967, 376 F.2d 397; Decker v. New York Life Insurance Company, 5th Cir.1964, 328 F.2d 650; and Gordon v. American Motorists Insurance Company, M.D.Fla. 1967, 274 F. Supp. 592, arising out of Florida, were decided for the insurance company because each of those policies contained an exclusionary clause. The opinion in Roberts v. Southern Farm Bureau Casualty Ins. Co., Fla.App. 1st, 1968, 215 So.2d 59, does not indicate whether the policy had an exclusionary clause. Even if it did not, the outcome of the case can be explained by the fact that the appellate court affirmed a judgment in which the trier of fact had ruled in favor of the insurance company. In short, when an accident and a pre-existing physical condition combine to bring about death, there will ordinarily be a question of fact if the policy provides for coverage whenever the death occurs directly and independently of all other causes. If the policy also contains a provision excluding coverage where the death arises in part from disease or other bodily infirmity, the insurance company will be entitled to judgment as a matter of law whenever the undisputed facts show that disease materially contributed to the death.
*150 Referring to the precise language in the insurance certificate issued to Deputy Anglin, we find that his certificate did not contain an exclusionary clause. In other words, it was of the type involved in Jones and Cornwell and not of the type considered in Terry and Berg. This being so, we need only to consider whether the injuries suffered by Deputy Anglin brought about his death directly and independently of all other causes. The evidence on this point properly presented a jury question. Since the jury resolved the issue favorably to the appellee, the judgment must be
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.