**Callie ALLEN, Plaintiff-Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 76–1862.**

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1977.

C. J. Hardee, Jr., David G. Hanlon, Tampa, Fla., for plaintiff-appellant.

Marvin E. Barkin, First Financial Tower, Mark B. Cohn, Tampa, Fla., for defendant-appellee.

Before BROWN, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

The summary judgment entered in favor of the Aetna Life Insurance Company is affirmed on the basis of District Judge Hodges' opinion, which we annex hereto as an appendix.

APPENDIX

ORDER

Plaintiff's decedent was a deputy sheriff with the Hillsborough County Sheriff's Department. Defendant is the insuror under a group accidental death policy as to which the decedent was an insured.

Decedent died on May 21, 1974, within 45 minutes or less following a physical struggle with a prisoner in his custody. There is no genuine issue that, at the time of his death, decedent suffered from advanced heart disease and that the immediate cause of his death was a heart attack precipitated by his physical exertion in struggling with the prisoner. Defendant filed a motion for summary judgment and a hearing on the motion was held on December 30, 1975. Plaintiff has subsequently moved for leave to file an affidavit in opposition. That motion is GRANTED and the affidavit has been considered by the Court. The policy provides as follows:

Article II—BENEFITS

Section 1. Special Accidental Death and Dismemberment Benefit.

If an employee suffers a bodily injury caused by an accident and as a direct result of such injury and, to the exclusion of all other causes, sustains   .   .   . any of the losses listed in the Table of Benefits in this section, then, provided:

(a)   .   .   .

(b)   .   .   .

(c) the loss resulting from the injury is not excluded from coverage in accordance with Section 3 of this Article:

\*      \*      \*      \*      \*      \*

Section 3. Exclusions.

No insurance is provided and no benefit shall be payable under Section 1 of this Article with respect to any loss   .   .   . if this loss   .   .   . is caused or contributed to by, or in a consequence of, or is in any way attributable to, any of the following excluded risks, even though the proximate or precipitating cause of said loss or disability is a bodily injury caused by an accident:

(a) bodily or mental infirmity; or

.          .          .          .          .

(c) disease of any kind,   .   .   ..

This case is governed as a matter of law by *Nationwide Mutual Insurance Company v. Anglin*, 306 So.2d 147 (2d D.C.A.Fla.1975) which would mandate granting Defendant's motion for summary judgment. Plaintiff seeks to avoid the application of *Anglin* on the present case by contending Section 5 of Article VI overrides the effect of the coverage exclusions since the decedent was insured under the policy for more than two years prior to his death. Section 5 provided as follows:

*Time Limit on Certain Defenses*

No claim for loss incurred or commencing after two years from the effective date of the insurance coverage   .   .   . shall be reduced or denied on the ground that a disease or physical condition   .   . had existed prior to the effective date of the coverage with respect to which claim is made.

Plaintiff argues that Section 5 is not an incontestable clause in that: (1) the title does not designate it as such and (2) the language of the clause applying to *reduction* of a claim necessarily goes to the coverage, and not to the validity of the policy as is the purpose of a true incontestable clause. In any event, Plaintiff urges that the rules of contract construction require that an ambiguity should be resolved against the insuror and that each provision of the contract should be interpreted to give it some meaning. If Section 5 is not applied in the manner suggested by Plaintiff, it would be a nullity.

Whether or not Section 5 is a true incontestable clause does not alter its interpretation or application. *See Massachusetts Casualty Insurance Company v. Forman*, 516 F.2d 425, 430 n. 4 (5th Cir. 1975). An incontestable clause does not bar the insuror from proving that the loss was not covered by the terms of the policy. 18 Couch on Insurance 2d § 72:61 (1968). The pre-existence of a disease which has the effect of removing the subsequent disability

from the coverage of the policy can be distinguished from concealment of such disease at the time of the execution of the policy. The former relates to scope of coverage, not validity of the policy, and the incontestable clause does not bar its proof so as to exclude an expressly excepted risk. Couch § 72:65; *See, Home Life Insurance Company v. Regueira*, 313 So.2d 438 (2d D.C.A.Fla.1975).

*Massachusetts Casualty Insurance Company v. Forman, supra*, considered the effect of language almost identical to Section 5 upon coverage for disability which "first manifests" itself during the term of the policy. The insured had knowledge of diabetes, the cause of his disability, prior to issuance of the policy. However, the insurer did not seek cancellation of the policy and return of benefits paid on the basis of the pre-existence of the diabetic condition until after the policy had been in force for more than two years. The Fifth Circuit, in reversing the District Court, held that coverage for disability due to diabetes could be challenged and excluded in spite of the incontestable clause, but that the policy otherwise remained valid. The Court specifically notes that with this construction the incontestable clause had no effective field of operation, but giving it some scope of operation would go beyond the language and would be contrary to the general principle that incontestable clauses do not operate to extend coverage beyond that contracted for. 516 F.2d at 429.

It therefore appears that the *Forman* decision is controlling as to the issues raised by Plaintiff concerning the effect of Section 5. The Defendant is entitled to judgment as a matter of law and, accordingly, the motion for summary judgment is hereby GRANTED. The Clerk is directed to enter judgment for the Defendant in accordance with this Order, each party to bear its own costs.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 26th day of January, 1976.