SHIVERS, Judge.
Edwards appeals the entry of summary judgment in favor of Bankers Life and Casualty Company on Edwards’ claim for *762 disability insurance benefits under a policy issued by Bankers to Edwards. The trial court found that there was no coverage under the policy since Edwards’ present disability was materially attributable to an injury sustained prior to the time the policy was in force and since Edwards’ present disability was a recurrence of his previous disability. We affirm.
Bankers’ policy provided for permanent total disability benefits if the insured sustained an injury causing total disability for a period of twelve consecutive months. Under the definitional section, the policy provided:
“Injury” shall mean bodily injury caused solely by an accident which occurs while the policy is in force and while the Person sustaining such injury is insured under the policy and which results directly and independently of all other causes in a loss covered by the policy. . . . [Emphasis added.]
The policy also contained an exclusionary provision providing in pertinent part:
The policy does not cover loss caused by or resulting directly or indirectly from any one or more of the following: . (2) bodily infirmity, sickness or disease; . [Emphasis added.]
Edwards, relying upon Nationwide Mutual Insurance Company v. Anglin, 306 So.2d 147 (Fla. 2d DCA 1975) and Braley v. American Home Assurance Company, 354 So.2d 904 (Fla. 2d DCA 1978), cert. denied, 359 So.2d 1210 (Fla.1978), argues that although his prior injury may have combined with his present injury to create his disability, a factual question exists as to whether his disability was the result of the latter injury “directly and independently of all other causes”. Anglin, supra and Braley, supra, are distinguishable. Unlike the policies therein, the present policy contains an exclusionary clause precluding recovery where the loss results directly or indirectly from any bodily infirmity, sickness, or disease. Anglin, supra and Braley, supra, both recognize the distinction between express exclusion clauses and “caused solely by accident” clauses as discussed in 10 Couch on Insurance 2d, § 41:380. Couch indicates:
§ 41:380. Distinction between express exclusion clause and “caused solely by accident” clause.
There is a distinction between an accident policy covering loss “resulting directly, independently and exclusively” from other causes and a similar policy containing the additional phrase excluding disability “wholly or in part, directly or indirectly, from disease or other bodily infirmities,” or phrases of like nature. The phrase “resulting directly, independently and exclusively” refers to the efficient, substantial, and proximate cause of the disability at the time it occurs. On the other hand, a policy containing the additional phrase set out above refers to another contributory cause, whether proximate or remote. Where, under a policy containing only the first phrase, the accidental injury acts upon a pre-ex-isting disease causing total disability which except for such disease would not have occurred, the injury is deemed to be the proximate cause of the disability entitling recovery. But it is otherwise where the policy contains the additional phrase indicated above. . . . Otherwise stated, where the policy covers accidental death resulting directly and independently of all other causes through external, violent, and accidental means, liability arises if the accident is the moving, sole, and proximate cause of death, even though a pre-existing disease or physical infirmity is a necessary condition to the result. However, where the insurer’s liability is further restricted by a clause avoiding liability where death results directly or indirectly from disease or from bodily or mental infirmity, it is not sufficient to create liability to establish a direct causal relation between the accident and the death or disability, but the plaintiff-must show that the resulting condition was caused solely by external and *763 accidental means, if the evidence points to a pre-existing infirmity or abnormality which may have been a contributing factor, the burden is upon him to produce further evidence to exclude this possibility. [Footnotes omitted.]
Since the undisputed evidence reveals that Edwards’ pre-existing infirmity was a contributing factor to his present disability, recovery is precluded by virtue of the express exclusion clause contained in the present policy. Accord, Maccabees v. Terry, 67 So.2d 193 (Fla.1953); Berg v. New York Life Insurance Company, 88 So.2d 915 (Fla.1956). Accordingly, the summary judgment appealed is affirmed.
MILLS, C. J., and ERVIN, J., concur.