SCHEB, Acting Chief Judge.
American Pioneer Life Insurance Company appeals from a summary final judgment awarding group insurance benefits to ap-pellees. We reverse.
Charles 0. Parks, Jr., purchased group insurance from American Pioneer. His policy, effective September 1, 1981, provided major medical expense benefits for himself and his wife, Stella M. Parks. Beginning with her hospitalization on January 13, 1982, Mrs. Parks incurred medical expenses of approximately $39,000 as a result of treatment for bleeding esophageal varices.[1]
American Pioneer denied Mrs. Parks’ claim for benefits and the appellees sued the company. American Pioneer defended primarily on the ground that Mrs. Parks' medical expenses were attributable to a preexisting condition.
The parties filed cross-motions for summary judgment and stipulated to the absence of a dispute as to any material fact. The trial judge denied American Pioneer’s motion and granted the appellees’ motion entering summary final judgment for $38,-400.85 in their favor. This appeal by American Pioneer ensued.
The record before the trial judge revealed Mrs. Parks was hospitalized on March 24, 1981, for internal bleeding. She was given a blood transfusion and discharged on April 3 with a diagnosis of acute upper gastrointestinal hemorrhage. On June 1 she was readmitted to the hospital where endoscopic studies revealed two esophageal varices and a gastric ulcer. At that time she was placed on Tagamet, a prescribed drug given to prevent or reduce secretions of stomach acid to minimize the risk of future hemorrhage of varices. She continued to take this medication through January 1982. In that month, Mrs. Parks was again admitted to the hospital for internal bleeding. After tests revealed the bleeding came from the same esophageal varices diagnosed in June 1981, surgery was performed.
The policy issued to the appellees included the following language:
HEALTH INSURANCE BENEFITS DEFINITIONS
Wherever used in this policy:
* * * * * *
ILLNESS OR SICKNESS
Any disease or sickness, or more than one disease or sickness, resulting from the same or related causes or conditions, which first manifests itself after the effective date of the policy, including all complications thereof and all related conditions and recurrences resulting in medical expense insured under the Policy or while the Policy is in force with respect to the Individual or Dependent for whom claim for benefits is made.
The policy also contained a clause which stipulated:
PRE-EXISTING CONDITIONS. Benefits shall not be paid, nor shall eligible charges accrue toward the deductible for medical care, services and supplies received or furnished in connection with, or as a result of, any injury or sickness for which an Employee or a Dependent receives medical care, services or supplies within the ninety-day period immediately *837 preceding the effective date of the coverage with respect to the Employee or a Dependent until the earlier of: (a) the day following the end of a period of 90 consecutive days which ends while the person is insured under the policy during which time he has not received or been furnished medical care, services or supplies in connection with, or as a result of, the same or related injury or sickness, or (b) the day following the end of a period of 365 consecutive days during which the coverage with respect to the Employee or the Dependent has been continuously in effect.
The appellees claim an entitlement to benefits for the medical expenses incurred as a result of the rupture of Mrs. Parks’ esophageal varices in January 1982. American Pioneer counters that its policy does not afford coverage because this condition resulted from the same esophageal varices disgnosed and treated from June 1981 through January 1982.
The appellees concede that Mrs. Parks had a “diseased condition” before the inception of the policy coverage. Yet, they seek to sustain the summary judgment in their favor on the basis that Mrs. Parks suffered no “sickness” within the contemplation of the policy until she was first made “sick” by the hemorrhaging of her varices in January 1982. Therefore, they conclude her illness was covered under the policy. On that basis, they contend the trial court properly determined that Mrs. Parks’ sickness did not manifest itself until after the effective date of the policy.
Appellees rely on Continental Casualty Co. v. Gold, 194 So.2d 272 (Fla.1967). There, the supreme court held that absent a definition in a policy, the word “sickness” connotes incapacity to perform one’s usual occupation. Id., 194 So.2d at 275. The court in Continental, however, further explained:
The insurer could have protected itself in the terms of the policy in this particular had it deemed it advisable, by limiting its liability solely to a “disease” originating after a certain time stated in the policy or by stipulating that it did not cover “sickness” whose symptoms appeared prior to the effective date of the policy.
Id., 194 So.2d at 276.
We think American Pioneer abided by the court’s teaching in Continental by the stipulation included in the pre-existing conditions clause of its policy. Here, the record reveals that Mrs. Parks’ sickness in January 1982 resulted from her esophageal varices condition which manifested itself within 90 days before the effective date of the policy. The continuing nature of her illness was confirmed by the fact that she was kept on Tagamet from June 1, 1981, until she was again hospitalized on January 13, 1982.
Accordingly, we vacate the summary final judgment in favor of the appellees and direct the trial court to enter summary final judgment in favor of American Pioneer.
FRANK and HALL, JJ., concur.

. According to medical testimony, esophageal varices are analogous to varicose veins and hemorrhoids. They are large dilated or widened blood vessels located near the junction of the esophagus and the stomach which balloon out in response to portal hypertension, that is, increased pressure in the liver. Apparently, the cause of esophageal varices bleeding is unknown but one theory is that acid from the stomach erodes the thin wall of the swollen blood vessels causing a hemorrhage.