DELL, Judge.
Appellant filed suit to recover medical expenses pursuant to a group health insurance policy issued by appellee. The trial court found that the preexisting condition provisions of appellee’s policy excluded her claim for medical expenses and entered summary judgment in favor of appellee. We affirm.
Appellant received periodic treatment for asthma beginning in April, 1985 and continuing through December, 1988. She controlled her asthmatic condition with treatments prescribed by her physician. In April, 1989, however, she required hospitalization at Northshore Hospital for treatment of her asthma. Her physician stated that the need for treatment resulted from heavy environmental pollution from smoke caused by wildfires over the Everglades. The parties do not dispute that the hospitalization occurred within the preexisting condition exclusionary period of the policy.
The policy defined sickness as:
Sickness — shall mean disease or illness, or more than one disease or illness, resulting from the same or related causes or conditions, including all complications thereof and all related conditions and recurrences resulting in medical expense insured under the Policy or otherwise resulting in a claim for benefits while the Policy is in force with respect to the Insured Person for whom claim for benefits is made.
The policy excluded coverage for sickness resulting in medical expenses incurred before the inception of the policy, except under the following conditions:
Unless specific exceptions to the following limitations and exclusions are made, no benefits shall be payable under this Part [Part EDMM (Employee and Dependent Major Medical Expense Insurance)] for any expenses caused by, incurred for, or resulting from:
[[Image here]]
w. Expenses incurred in connection with any distinct bodily injury or sickness for which an Insured Person received medical treatment, including the taking of any medicine prescribed by a physician, advice or consultation within twelve (12) months prior to the effective date of his insurance under this Part until:
1) a continuous period of at least twelve (12) months while insured under this Part, has elapsed during which no medical treatment, including the taking of any medicine prescribed by a physician, advice or consultation was rendered and no expense was incurred on account of such bodily injury or sickness or on account of any complications therefrom; or
2) a continuous period of twenty-four (24) months has elapsed during which he was insured under this part.
Appellant argues that the trial court erred when it entered a summary judgment in favor of appellee because pollution from fires in the Everglades caused appellant’s hospitalization, not her preexisting condition. Appellant relies upon Braley v. American Home Assurance Co., 354 So.2d 904 (Fla. 2d DCA 1978), cert. denied, 359 So.2d 1210 (Fla.1978), and Nationwide Mut. Ins. Co. v. Anglin, 306 So.2d 147 (Fla. 2d DCA 1975). Braley and Anglin involved disability insurance policies that contained materially different exclusionary provisions from those contained in the policy issued by appellee. Here the policy expressly excluded “any distinct bodily injury or sickness for which an Insured Person received medical treatment.” We find appellant’s external cause argument persuasive, but to find coverage for appellant would require us to ignore the express terms of the policy.
The facts of this case parallel those considered by the Second District Court of Appeal in American Pioneer Life Ins. Co. v. Parks, 496 So.2d 835 (Fla. 2d DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987). In Parks, the Second District Court of Appeal reversed a summary judgment in favor of the insured and directed the trial court to enter summary judgment in favor of the health insurance carrier. The insured had a diseased condition before the inception of policy coverage. The insured claimed entitlement to coverage, however, “on the basis that Mrs. Parks suffered no ‘sick *537 ness’ within the contemplation of the policy until she was first made ‘sick’ by the hemorrhaging of her varices in January, 1982.” Id. at 837. The court held:
[T]he record reveals that Mrs. Parks’ sickness in January 1982 resulted from her esophageal varices condition which manifested itself within 90 days before the effective date of the policy. The continuing nature of her illness was confirmed by the fact that she was kept on Tagamet from June 1, 1981, until she was again hospitalized on January 13, 1982.
Id. Here, as in Parks, appellant received medication prescribed by a physician during the preexisting condition period defined by the policy. The parties agree that her hospitalization also occurred during the preexisting condition period defined in the policy. The policy excluded any distinct bodily injury or sickness for which an insured received medical treatment during the periods stated. Therefore, we hold that the trial court did not err when it entered summary judgment in favor of ap-pellee. We also reject appellant’s argument that the policy’s definition of “sickness” should be controlled by Continental Casualty Co. v. Gold, 194 So.2d 272 (Fla.1967). The definition of “sickness” contained in appellee’s policy complies with Gold and excludes coverage for any complications that appellant suffered as a result of her diagnosed asthma.
Accordingly, we affirm the final summary judgment entered in favor of appel-lee.
AFFIRMED.
HERSEY, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
Note: OWEN, WILLIAM C., Jr., Senior Judge, did not participate in oral argument but has reviewed the presentation made at that proceeding.