SHIVERS, DOUGLASS B., Senior Judge.
Appellant, Monumental Life Insurance Company (Monumental), the insurer, appeals final judgment in favor of the decedent insured’s personal representative. We find the trial court erred in finding there was coverage under this accidental death policy and in entering summary judgment in favor of Ap-pellee, and, therefore, reverse.
The decedent, Allen Raymond Lydick, was taking his daily walk on December 11, 1993, when he fell and broke four ribs on his left side. He developed pneumonia and died only a month later. He was 81 years old at the time of his death. The coroner listed septicemia and pneumonia as the primary causes of death. Chronic obstructive pulmonary disorder and pulmonary fibrosis were listed as contributing causes of death. There is no evidence any of these conditions caused the decedent’s fall. The evidence does show that absent the fall, the decedent would not haye died suddenly from any of these conditions.
The decedent had purchased an accidental death policy in the amount of $20,000 from the insurer in 1992. After decedent’s death, appellee filed claim for the accidental death benefit. The insurer, Monumental, denied coverage based upon an exclusionary provision in the policy which states:
We will not pay a benefit for a loss which is caused by, results from, or contributed to by: ... (4) Sickness or its medical or surgical treatment, including diagnosis.
Earlier in the policy “injury,” as well as “sickness,” are defined:
INJURY means bodily injury caused by an accident. The accident must occur while *840 the Covered Person’s insurance is in force under the Group Policy. The Injury must be the direct cause of the Loss and must be independent of all other causes. The Injury must not be caused by or contributed to by Sickness.
SICKNESS means an illness or disease which results in a covered loss while insurance for the Covered Person is in force under the Group Policy.
The record supports the determination of the trial court that the bodily injury (decedent’s accidental fall which broke four ribs) was not caused by or contributed to by sickness. However, the trial court erred in finding there was coverage under the policy because the evidence shows that chronic obstructive pulmonary disorder and pulmonary fibrosis contributed to death. See Edwards v. Bankers Life and Casualty Company, 381 So.2d 761 (Fla. 1st DCA 1980). We recognize the harshness of this result, and agree with comment of the trial court that this appears to be a policy of “no insurance.” The broad language of this exclusionary clause would preclude recovery for virtually any individual not in perfect health at the time of an accident resulting in a loss. However, as the policy clearly states there is no coverage when a sickness or illness contributes to the resulting loss, and as there is no evidence in the record which refutes the fact that chronic obstructive pulmonary disorder and pulmonary fibrosis contributed to the death of decedent, we have no alternative other than to reverse the order of the trial court and remand for entry of summary judgment in favor of appellant.
LAWRENCE, J., concurs.
WEBSTER, J., concurs in result only.