330 So.2d 745 (1976)
Ralph K. ROBERSON, Appellant (Plaintiff),
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee (Defendant).
No. Y-195.
District Court of Appeal of Florida, First District.
April 5, 1976.
Rehearing Denied May 12, 1975.
*746 Daniel R. Vaughen, of Vaughen & Staley, Deland, for appellant.
Richard B. Rosier, of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellee.
MILLS, Judge.
Plaintiff appeals from a final summary judgment rendered in favor of the defendant in a suit seeking to recover benefits under the medical payments coverage of an automobile liability insurance policy.
The issue before us is whether the trial court erred in entering the final summary judgment. The specific point is whether a cerebral vascular accident is an accident under the terms of the medical payments clause of the policy.
The facts are not in dispute. While stooping to examine a gas stove in his travel trailer, which was insured by the defendant, the plaintiff suffered a cerebral vascular accident. Plaintiff's physician stated that somewhere in his brain something suddenly bled. The cause was unknown.
The defendant denied coverage contending there was no accident, because there was no external trauma or force.
The pertinent provisions of the medical payments clause are:
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident,
(a) while occupying the owned automobile, ..."
Neither the term "accident" nor the term "caused by accident" is defined by the policy. In addition, there is an absence of qualifying or exclusionary language. In many policies, the terms are narrowed by limiting liability to injury or death caused by means described as external, violent, or accidental. But that is not done here.
Customarily, an accident is defined as an unexpected or unusual event; it is something which happens by chance and without design; it is an event from an unknown cause. Bennett v. Fidelity & Casualty Company of New York, 132 So.2d 788 (Fla.App. 1st, 1961).
The medical payments clause of an automobile liability insurance policy is closely akin to a personal accident policy. Government Employees Insurance Company v. Sweet, 186 So.2d 95 (Fla.App. 4th, 1966). An average person buying a personal accident policy assumes that he is covered for any fortuitous and undesigned injury. Gulf Life Insurance Company v. Nash, 97 So.2d 4 (Fla. 1957).
Insurance policies are construed liberally in favor of the insured and strictly against the insurer. An insurer will not be allowed, by the use of obscure terms, to defeat the purpose for which the policy was procured. Where two interpretations are available, the one allowing the greater indemnity will prevail. National Casualty Company v. General Motors Acceptance Corporation, 161 So.2d 848 (Fla.App. 1st, 1964).
In 1952, the Florida Workmen's Compensation Act defined accident as an unexpected or unusual event happening suddenly. In construing this provision, the Supreme Court of Florida stated that there was an accident if there was an unexpected result, although there was no unexpected cause. Gray v. Employers Mutual Liability *747 Insurance Company, 64 So.2d 650 (Fla. 1952).
Because the purpose of medical payments coverage is to provide personal accident insurance for bodily injury, sickness or disease caused by accident while occupying an insured automobile; because the insurer chose not to define, qualify, or narrow the term "accident"; because insurance policies should be construed in favor of the insured so as to provide the broadest possible coverage consistent with the language used; because the insured experienced an unexpected result when he stooped over, the cerebral vascular accident suffered by him came within the terms of the medical payments coverage.
Accordingly, the judgment entered in favor of the defendant is reversed, and this case is remanded to the trial court with directions to enter judgment for the plaintiff on the issue of liability only.
RAWLS, Acting C.J., and SMITH, J., concur.

ON PETITION FOR REHEARING DENIED
MILLS, Judge.
The defendant brings to our attention that we did not state the specific point involved on this appeal as it was stated in defendant's brief. The defendant is correct. We now adopt the point as stated by defendant: whether a cerebral vascular accident is caused by accident under the terms of the medical payments clause of the policy. Having adopted the question as stated by defendant, our opinion remains unchanged.
We reverse and remand with instructions to enter judgment for plaintiff on the issue of liability only.
RAWLS, Acting C.J., and SMITH, J., concur.