364 So.2d 73 (1978)
Sylvia WARD, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
Gregory C. JOHNSTON, Appellant,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.
Nos. 77-1690, 78-42.
District Court of Appeal of Florida, Second District.
November 8, 1978.
*75 Robert M. Chambers and David J. Williams of Stanley, Wines, Roth, Williams & Smith, Auburndale, for appellants.
A.H. Lane of Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellees.
DANAHY, Judge.
These are separate suits for declaratory judgment involving the same issues. Plaintiffs appeal from orders dismissing their complaints with prejudice. The appeals have been consolidated.
Each plaintiff was injured in an automobile accident while occupying a motor vehicle covered by an insurance policy issued to the motor vehicle's owner. Defendants are the respective insurers. Both plaintiffs were insured under the terms of defendants' insurance policies by virtue of extension of coverage to passenger or permissive users of the insured automobiles.
In this state, owners of private passenger automobiles are required to obtain "no fault" insurance covering their vehicles as provided in the Florida Automobile Reparations Reform Act, Sections 627.730-627.741, Florida Statutes (1977) (the Act). Under Section 627.736, every insurance policy complying with the Act must provide personal injury protection (PIP) benefits to the extent of $5,000 covering medical expenses, disability (loss of earnings and loss of earning capacity)[1] and $1,000 of funeral expenses. PIP benefits ("no fault") cover largely the same items of medical expense covered before by optional medical payments coverage in automobile insurance policies.
Defendants' policies provide PIP benefits. However, if an injured party is the owner of a motor vehicle required to be insured under the Act, he can recover PIP benefits only under his own policy  not the policy of the owner of the motor vehicle in which he is riding when injured. Section 627.736(4)(d) 4. At the time of the accident, each plaintiff in these cases owned a motor *76 vehicle required to be insured but for which that plaintiff had no "no fault" insurance. Thus neither plaintiff had insurance providing PIP benefits and neither was entitled to PIP benefits under the owners' insurance policies issued by defendants.
However, the insurance policy in each case also contained additional and optional medical payments coverage for which a separate premium was charged. Accordingly, plaintiffs demanded payment of their medical expenses from defendants under the medical payments coverage of the policies. Defendants denied coverage, and also asserted that plaintiffs are precluded from recovery by their failure to insure their automobiles as mandated by the Act.
With respect to medical payments coverage, defendant Nationwide's policy provided:
We will pay benefits under this coverage only over and above any personal injury protection benefits that are paid or payable for the bodily injury under this or any policy, or would be payable except for a deductible.
Defendant United Services' policy provided:
Any automobile medical payments insurance ... afforded by the policy shall be excess over any personal injury protection benefits paid or payable or which would be available but for the application of a deductible.
The trial judges ruled that neither plaintiff could recover benefits under the medical payments provisions of the owners' insurance policies until that plaintiff's medical expenses, loss of gross income, and loss of earning capacity exceeded $5,000 (the measurement of PIP benefits then applicable). Since neither complaint showed this to be the case and plaintiffs declined to amend, the complaints were dismissed with prejudice. These appeals followed. We reverse.
The threshold issue in each case, of course, is whether coverage is precluded under the above quoted language of the respective insurance policy. If that issue is resolved in favor of coverage, then it will be necessary to consider the arguments asserted by defendants for denial of recovery nevertheless.
As always in determining questions involving the interpretation of insurance contract, it is helpful to repeat those well established rules which we are required to apply in reaching our conclusions.
One such rule is that when there is no room for doubt, insurance contracts, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and, if clear and unambiguous, these terms will be taken and understood in their plain and ordinary sense. Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502 (1935). That rule, in our opinion, clearly dictates that there is medical payments coverage under the Nationwide policy, which refers to PIP benefits paid or payable under this or any policy. The emphasized words leave no room for doubt. There are no PIP benefits payable to the plaintiff in the Nationwide case under the Nationwide policy or any policy. By the clear terms of the Nationwide policy, therefore, there is medical payments coverage.
The United Services' policy, however, omits the words "under this or any policy" and refers only to PIP benefits "paid or payable." Obviously, there is no insurance policy under which PIP benefits have been paid or are payable to the plaintiff in the United Services case. However, it is argued that PIP benefits should be considered as paid or payable, regardless of the existence of an insurance policy affording those benefits, by reason of the following language found in Section 627.733, Florida Statutes (1977):
An owner of a motor vehicle with respect to which security is required by this section who fails to have such security in effect at the time of an accident . . shall be personally liable for the payment of [PIP] benefits under Section 627.736. With respect to such benefits, such an owner shall have all the rights and obligations of an insurer under Sections 627.730-627.741.
*77 We are urged to interpret the statute as making the owner of an uninsured motor vehicle a self-insurer of PIP benefits to himself. Following that line of reasoning we should then conclude that there are PIP benefits paid or payable with respect to the owner of an uninsured motor vehicle, as is the plaintiff in the United Services case. We disagree.
Again, we revert to basic rules governing the interpretation of insurance contract. Where there are two interpretations which may fairly be given to language used in a policy, the one that allows the greater indemnity will govern. Financial Fire & Casualty Company v. Callaham, 199 So.2d 529 (Fla. 2d DCA 1967). That rule is particularly applicable in the case of exclusions, since the burden rests on the insurer to phrase exceptions in clear and unmistakable language. California Compensation & Fire Co. v. Industrial Acci. Comm., 62 Cal.2d 532, 42 Cal. Rptr. 845, 399 P.2d 381 (1965).
The purpose of provisions in insurance contracts restricting coverage in terms of other insurance or benefits available from other sources is to avoid duplication of coverage. American Fire & Cas. Co. v. Marathon Aviation Mar., 196 So.2d 782 (Fla. 2d DCA 1967); Carroll v. Union Labor Life Insurance Company, 65 Wash.2d 513, 398 P.2d 164 (1965); annot., 42 A.L.R.2d 983 (1955). In each of the cited cases, the courts looked to that purpose and rejected interpretations proposed by the insurers which did not have the effect of avoiding double coverage, but would avoid coverage altogether. That would be the result if we were to accept the argument of United Services. An insurer will not be allowed, by the use of obscure terms, to defeat the purpose for which the policy was procured. Roberson v. United Services Automobile Association, 330 So.2d 745 (Fla. 1st DCA 1976).
We find an analogous situation in the case considered by the Supreme Court of the State of Washington in Carroll v. Union Labor Life Insurance Company, supra. There, a hospitalization insurance policy excluded payments to any person "entitled to benefits under the applicable Workmen's Compensation Law." The plaintiff in that case was eligible for workmen's compensation coverage, but had failed to qualify for voluntary coverage under the Washington Workmen's Compensation Act. The insurer said the exclusion should nevertheless apply, arguing that the injured party's failure to apply for workmen's compensation coverage was his own fault; he could have been entitled to benefits if he had simply chosen to qualify for coverage. The court rejected that argument, pointing out that the insurance company's refusal to pay did not avoid duplicating or overlapping coverage, but would have avoided any coverage at all.
Applying the principles enunciated in the cases cited, we construe the words "PIP benefits paid or payable" as used in the United Services' policy to mean benefits payable under an insurance policy. "PIP benefits paid or payable," in our opinion, do not refer to personal liability for the payment of PIP benefits to one's self. In that connection, we might mention that this court has held that the owner of an uninsured motor vehicle is not made an insurer himself, though he is given the rights and obligations of an insurer under Section 627.733. Farley v. Gateway Insurance Company, 302 So.2d 177 (Fla. 2d DCA 1974).
Nationwide and United Services seem to be saying to us that they did not intend coverage in the situations here presented. That may be so, but they both have failed to express that intention and they are bound by the language which they have chosen to use. If an insurer intends to restrict coverage, it should use language clearly stating its purpose. 1 Couch On Insurance 2d, § 15.9 et seq. (1959). There would appear to be no objection to appropriate language clearly excluding from coverage those persons who could obtain PIP benefits coverage for themselves but fail to do so. Smitke v. Travelers Indemnity Company, 264 Minn. 212, 118 N.W.2d 217 (1962).
Having found that there is medical payments coverage under both policies here *78 involved, we turn to the arguments advanced by the defendants to deny recovery notwithstanding. Defendants make much of the fact that the plaintiffs here have violated the provisions of the Act and vigorously contend that, therefore, recovery should be denied them on grounds of public policy, equity and good conscience. If plaintiffs are allowed to recover, say the defendants, they would in effect be rewarded for their own wrongdoing.
Not so. Plaintiffs' failure to obtain insurance coverage for their automobiles is clearly unfair to themselves and to those other persons for whom they are required to obtain PIP benefits. But as between plaintiffs and defendants, there is nothing unfair in requiring defendants to make payment of benefits which they have contracted to pay under coverage for which they have been paid a premium.
It is absolutely inexcusable for any owner of a private passenger automobile in this state to fail to obtain the insurance coverage required by law. But the legislature has clearly spelled out the consequences of that dereliction of duty. Personal liability is imposed by Section 627.733 as well as the loss of no fault tort immunity. Penalties are prescribed in Section 627.735. Under that statute, any owner of a motor vehicle required to be insured who operates that motor vehicle or permits it to be operated in this state without the required insurance coverage shall have his operator's license and registration suspended.
The legislature has provided for the consequences and the penalties. It is not the function of a private insurance company to impose an additional private penalty. In that vein, this state has aligned itself with the strong modern trend to find no public policy reasons for denying recovery of insurance proceeds even where death or injury of the insured is the consequence of the violation of a criminal law. Valley Forge Life Insurance Company v. Lawrence, 201 So.2d 449 (Fla. 1967); annot., 43 A.L.R.3d 1120 (1972). It has been held that medical payments coverage cannot be avoided simply because an injured party suffered that injury as a consequence of the commission of a criminal act. Davis v. Detroit Automobile Inter-Insurance Exch., 356 Mich. 454, 96 N.W.2d 760 (1959). Where a state legislature has provided penalties for the violation of no fault legislation, it is not up to a court to engraft additional penalties. Ortiz v. Safeco Insurance Company, 136 N.J. Super. 532, 347 A.2d 26 (1975); modified, Ortiz v. Safeco Insurance Company, 144 N.J. Super. 506, 366 A.2d 695 (1976).
Reversed with instructions in each case to reinstate plaintiff's complaint and for further proceedings not inconsistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] In 1977, Section 627.736 was amended to reduce PIP benefits to 80% of medical expenses and 80% of disability, subject to the same maximum.