DANAHY, Judge.
Appellee issued a policy of insurance to appellant providing coverage for medical expenses. The policy contained the following provision:
REDUCTION: Benefits payable under this policy will be reduced by the amount of benefits payable for the same loss pursuant to a Motor Vehicle No-Fault Law, or similar law.
The Florida Automobile Reparations Reform Act, and any other similar act, is to be considered a Motor Vehicle No-Fault Law.
Appellant was injured in an automobile accident while driving an automobile owned by him which was not covered by insurance affording him personal injury protection (PIP) benefits as required by the Florida Automobile Reparations Reform Act. §§ 627.730-627.741, Fla.Stat. (1979). He incurred medical expenses in excess of $11,000 which would be entirely covered by appellee’s insurance policy but for the re *520 duction provision set forth above. Appellee took the position that the reduction provision applied and paid only those medical expenses of appellant in excess of $5,000 (the measurement of personal injury protection (PIP) benefits then applicable under section 627.736). Appellant brought this suit to collect the $5,000 withheld by appel-lee and suffered an adverse final judgment. We reverse.
We reject appellee’s argument that this case is distinguishable from our decision in Ward v. Nationwide Mutual Fire Insurance Co., 364 So.2d 73 (Fla.2d DCA 1978). In the Ward case, we considered two insurance policy provisions purporting to reduce coverage to the extent of PIP benefits, as those provisions applied to claimants who owned motor vehicles and failed to have no-fault insurance as required by Florida law. One policy provided that coverage was to be excess over “any personal injury protection benefits paid or payable.” The other provided that benefits were to be over and above “any personal injury protection benefits that are paid or payable ... under this or any policy.” We held that, since there was no insurance policy under which PIP benefits were paid or payable to either claimant, these exclusionary provisions did not have the effect of reducing coverage by the amount of PIP benefits then required under a no-fault insurance policy.
Appellee argues that Ward is distinguishable from this case because here, unlike the situation in Ward, the reduction provision in appellee’s insurance policy refers to benefits payable pursuant to Florida’s no-fault law, whereas in Ward, the insurance provisions referred to (or were construed by this court to refer to) benefits payable under an insurance policy. Appellee’s reasoning is that this court’s decision in the Ward case was based on the absence of any insurance policy providing PIP benefits, so that the exclusionary provisions were not triggered. Here, says appellee, there is a no-fault law pursuant to which benefits are payable; therefore, under the clear language of the reduction provision, coverage is to be reduced by the amount of those benefits.
The flaw in appellee’s reasoning is that PIP benefits are not payable “pursuant to” Florida’s no-fault law. The law requires the owner of a motor vehicle to obtain insurance affording PIP benefits. The statutory scheme contemplates that PIP benefits will be paid under the required insurance, not directly by reason of the operation of the statute. Since appellee’s insurance policy refers to benefits payable pursuant to a motor vehicle no-fault law, and since no such benefits were payable to appellant in this case, the reduction provision clearly does not apply. The situation is very similar to that in Carroll v. Union Labor Life Insurance Co., 65 Wash.2d 513, 398 P.2d 164 (1965), on which we relied in reaching our decision in Ward.
The trial judge in this case also found a public policy reason for ruling in favor of appellee, commenting that a ruling in behalf of appellant would condone appellant’s failure to comply with the no-fault law. For the reasons expressed in Ward, we hold that it was error to deny recovery to appellant on grounds of public policy by reason of his failure to comply with the no-fault law.
REVERSED and REMANDED with directions to enter judgment in favor of appellant.
GRIMES, Acting C. J., and OTT, J., concur.