447 So.2d 459 (1984)
BENEFICIAL STANDARD LIFE INSURANCE COMPANY, Appellant,
v.
Willa H. FORSYTH, Appellee.
No. 82-2861.
District Court of Appeal of Florida, Second District.
March 30, 1984.
*460 Charles P. Schropp and Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Roy B. Dalton, Jr., P.A., Orlando, for appellee.
RYDER, Judge.
Beneficial Standard Life Insurance Company (Beneficial) appeals from a final judgment awarding $20,000 to Willa H. Forsyth based upon her deceased husband's insurance policy which provides coverage for death or dismemberment caused by accident or hospital care required because of accident. The issue presented in this appeal is whether the insurance policy provides coverage for the death of the insured which occurred as a result of surgery, where there was no misstep during that surgery. We hold the trial court erred in finding that the insurance policy provides coverage to the deceased, Glenn Forsyth, and therefore reverse the award of damages to Mrs. Forsyth.
Mrs. Forsyth filed suit in November 1981, seeking the recovery of benefits under the accidental death insurance policy issued by Beneficial. Ultimately, the case was presented to the trial court on the basis of certain stipulated facts.
The stipulated facts reveal that Mrs. Forsyth is the widow of Glenn Forsyth, who died on August 18, 1980, following an elective jaw-wiring surgical procedure performed on August 14, 1980. Prior to his death, Mr. Forsyth had applied to Beneficial for a policy of insurance providing coverage for accidental death benefits. The policy was issued and was in force and effect at the time of the surgical procedure.
The stipulation explains that the surgery was undertaken so that Mr. Forsyth's jaws would be wired together to inhibit the ingestion of solid food thereby causing him to lose weight. At the time of the surgery, Mr. Forsyth was suffering from morbid obesity, congestive heart failure, and uncontrolled hypertension. It was made clear that Mr. Forsyth's health rendered him less likely to survive surgical complications than an otherwise healthy individual.
The parties further stipulated that Mr. Forsyth died as a result of complications which developed during the surgery. A pulmonary embolism developed causing *461 cardiac and respiratory arrest. It was agreed that the embolism was caused by the surgery, although the death was unexpected and unanticipated from a medical standpoint. The parties acknowledged that the development of a pulmonary embolism is one of the many risks of surgery which, although possible, was not anticipated to develop during the type of surgery performed on Mr. Forsyth.
Beneficial's insurance policy provides coverage to Mr. Forsyth in the amount of $20,000. The policy indicates the type of coverage as: "ACCIDENT ONLY INSURANCE. This insurance provides coverage for death, dismemberment, and hospital care caused by accident." The policy provides for benefits where the insured suffers injury and the injury results directly and independently of all other causes in certain enumerated losses.
The insurance policy specifically defines two terms: "injury" and "hospital." The definition given for "injury" is "bodily injury caused by an accident occurring anywhere in the world while this policy is in force." Nowhere does the policy define "accident" or "accidental death."
We note that the trial court found Mr. Forsyth's prior physical condition or infirmities to be immaterial. The court acknowledged the stipulation of the parties that the cause of death was the surgical procedure. The court pointed out that the insurance policy did not require "that the loss be caused solely by external, violent, and accidental means."
Although the learned trial judge specifically stated he did not believe that the "man-on-the-street" would describe Forsyth's death as accidental, he, nevertheless, ruled in favor of Mrs. Forsyth, indicating that he felt constrained to do so pursuant to Braley v. American Home Assurance Co., 354 So.2d 904 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978); and Roberson v. United Services Automobile Association, 330 So.2d 745 (Fla. 1st DCA), cert. denied, 342 So.2d 1104 (Fla. 1976). The court awarded Mrs. Forsyth $20,000, the amount of coverage provided for in the policy. Following the trial court's decision and the denial of Beneficial's motion for rehearing, notice of appeal was timely filed.
This court has previously addressed the standards to be applied in cases of this ilk. In Braley v. American Home Assurance Co., this court aligned itself with those courts which utilize a "man-on-the-street" test when the term "accident" is not defined in the policy. That test requires the finder-of-fact to consider the facts of the particular case as viewed through the eyes of the average, everyday "man-on-the-street." Braley at 905.
Braley requires the finder-of-fact to review the particular facts before it as if it were an average person "on-the-street." This test was used by the trial court to make the determination that the death of Mr. Forsyth was not accidental. In so reading Braley, the trial court was led astray by the dicta therein referring to various definitions of the word "accident." Braley's injury was susceptible to being held accidental because it could have been found to be the unexpected result of the usual performance of his duties. This is a far cry from a death which results from the voluntary submission to elective surgery in which no mishap has occurred during the operative procedure.
The trial court has also cited Roberson v. United Services Automobile Association as requiring the holding that Mr. Forsyth's death was accidental. In that case, the plaintiff suffered a "cerebral vascular accident" while stooping to examine a stove in his trailer. The court there found that "accident" is customarily "defined as an unexpected or unusual event; ... something which happens by chance and without design; it is an event from an unknown cause." Roberson at 746.
The trial judge was mistaken in his reliance on Roberson as the circumstances *462 involved therein were totally different from those involved in the present case. Roberson does not control in situations where an individual voluntarily submits himself to elective surgery.
The principle of law which we find to be applicable is enunciated in 10 Couch on Insurance (Second) § 41.113 (Rev.Ed. 1982).
When there is no initial or preceding occurrence which comes within the coverage of a policy, and the insured undergoes medical treatment for the purpose of curing a disease or other unhealthy or abnormal condition, the mere fact that the insured dies or is injured as the result of such treatment does not constitute an accident, is not accidental, nor caused by accidental means. Otherwise stated, if an operation is not necessitated by an injury resulting from an accident, death occurring during or following the operation can be considered "accidental" only when it is the result of mishap or misadventure in operative procedure.
Applying the facts admitted by the parties in the stipulated record to this principle, it is clear that Mr. Forsyth's death was not an accident within the meaning of the insurance policy. There was no misstep or miscue during the operation on Mr. Forsyth. The embolism and death were foreseeable, albeit unanticipated results of this surgical procedure. See Body v. United Insurance Co. of America, 72 Ill. App.3d 594, 28 Ill.Dec. 820, 391 N.E.2d 19 (1979); McMahan v. Mutual Benefit Health & Accident Association, 33 Wash.2d 415, 206 P.2d 292 (1949). That the embolism was not expected to develop does not change the result: Mr. Forsyth's death was not accidental under the terms of the insurance policy.[1]
We REVERSE and REMAND with directions that judgment be entered in favor of appellant Beneficial Standard Life Insurance Company.
GRIMES, A.C.J., and SCHEB, J., concur.
NOTES
[1] For a contrary view, see INA Life Insurance Co. v. Brundin, 533 P.2d 236 (Alaska 1975) (the insurance policy involved was found to be sufficiently broad to encompass unintended death or injury "despite lack of any identifiable accidental causative agent").