COBB, Chief Judge.
The issue on this appeal concerns the availability of PIP coverage to a passenger from an insured driver operating an uninsured vehicle. Diane Williams, a passenger in a car driven by Rosalyn Thomas and owned by Horris Simmons, was injured in a collision with a third vehicle. Simmons had no insurance; Thomas had insurance on her own car; and Williams owned no vehicle and had no insurance. Williams sued Utah Home Fire Insurance Company, the carrier of the insurance on Thomas’ car, for PIP benefits.
Utah defended on the ground such benefits were recoverable only from the owner of a motor vehicle involved in an accident, not from the driver of such a vehicle. The trial court agreed and entered summary judgment for Utah based upon the applicable statutory, provisions,[1] as follows:
Section 627.733(4), Florida Statutes (1979), provided:
An owner of a motor vehicle with respect to which security is required by this section who fails to have such security in effect at the time of an accident shall have no immunity from tort liability, but shall be personally liable for the payment of benefits under s. 627.736_
*548 Section 627.736(4)(d), Florida Statutes (1979), provided:
The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
⅝ ⅝ Sfc Sfc ⅜ Jfc
4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle ... provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741 ...
In Ward v. Nationwide Mutual Fire Ins. Co., 364 So.2d 73 (Fla.2d DCA 1978), these two provisions together were interpreted to hold that a passenger who was injured while riding in an insured vehicle was not entitled to PIP benefits under the vehicle owner’s insurance where the passenger himself owned a motor vehicle but did not have insurance. Relying on the above statutes and the Ward case, Williams concludes that Florida law imposes a duty on every automobile owner to have insurance, even if at the moment of an accident he is driving another automobile or is a passenger therein. This is a logical conclusion. However, Williams then argues that “the duty imposed by F.S. 627.-733 on owners should also place on driver/Thomas, who is also owner or registrant of her own car, not only a duty to insure her own car, but a duty to see that the borrowed car she is driving in is properly insured by its owner/Simmons.” There is no logical basis for imposing such a duty upon Thomas. The purpose of section 627.-733(4) is to impose a duty on all automobile owners to have their own insurance; the statute is not intended to require automobile owners to make sure that other owners have such insurance. As pointed out by appellee, since Williams herself was not an owner of a vehicle at the time of the accident, under section 627.733(4), Williams may recover PIP benefits from the owner of the vehicle which Thomas was driving (Simmons), or Williams may sue Simmons and Thomas in tort. But there was no statutory obligation on the part of Thomas (and Utah) to provide PIP protection to passengers in a nonowned vehicle.
AFFIRMED.
UPCHURCH and SHARP, JJ., concur.

. The current versions of these statutes are essentially the same.