SCHEB, Acting Chief Judge.
This appeal involves the application of Florida’s no-fault insurance law to a novel factual situation concerning responsibility for payment of Personal Injury Protection (PIP) benefits.
The appellant, Teresa Pearson, was the co-owner, along with her fiance, Robert E. Taylor, of an Oldsmobile car. Taylor carried PIP coverage on the vehicle with State Farm Mutual Automobile Insurance Company under a policy which listed him as the named insured. Pearson, who had no driver’s license and allegedly did not drive, was not listed as an additional named insured under Taylor’s policy.
On February 13, 1988, Pearson was injured while a passenger in Lucinda Callo-way’s Chevrolet. Calloway carried PIP insurance on her vehicle with Allstate Insurance Company.
Pearson sought coverage from both companies, and both denied coverage. Eventually she sued State Farm and Allstate contending that one of them had to pay her PIP benefits. State Farm argued that it was not responsible because her name was not on the policy as an insured, she did not come under the omnibus definition of insured, and although living in Taylor’s household, she was not a relative. Allstate, on the other hand, contended that it was not liable because Pearson was the owner of a vehicle required to have insurance.
The trial court found that Pearson was an owner of the Oldsmobile and accepted the arguments advanced by both insurers. Accordingly, the trial judge entered a final summary judgment in favor of the two insurers and against Pearson. This appeal by Pearson ensued. We agree that State Farm bears no responsibility, but hold that Pearson is entitled to recover from Allstate.
Pursuant to Florida’s motor vehicle no-fault law and its policy with Taylor, State Farm was required to provide coverage for its named insured, relatives residing in the same household, drivers and passengers of the insured motor vehicle, and those non-occupants who were struck by the vehicle. See § 627.736(1), Fla.Stat. (1987). Although clearly a legal title holder and thus an owner of the Oldsmobile according to section 627.732(3), Florida Statutes (1987), Pearson was not a named insured under the State Farm policy. Furthermore, she does not fit into any of the other insured categories under the language of the policy. The Florida motor *418 vehicle no-fault law does not require all owners to be listed as named insureds on policies which insure a specific motor vehicle. Indeed, the definition of “named insured” expressly recognizes that an owner may not always be a named insured. § 626.732(2), Fla.Stat. (1987). Hence, State Farm was not contractually or statutorily required to insure Pearson, and she was not entitled to recover from State Farm.
Pursuant to section 627.736(4)(d), Florida Statutes (1987), Allstate, as the insurer of the automobile in which Pearson was a passenger, was required to provide her coverage unless she was “[t]he owner of a motor vehicle with respect to which security is required under ss. 627.730-627.-7405.” § 627.736(4)(d)(4)(a), Fla.Stat. (1987). Allstate argued that Pearson was such an owner, but that she failed to obtain the required insurance, thus obviating the purpose behind the no-fault law. See Ward v. Nationwide Mut. Ins. Co., 364 So.2d 73 (Fla. 2d DCA 1978). Allstate argued that Pearson should thus fall outside no-fault’s protective ambit. We think this is incorrect.
The goal behind the enactment of the no-fault law was to provide a comprehensive system of coverage for all people operating or riding in motor vehicles. Id. The statute requires an owner of a motor vehicle to provide this coverage, and the owner is typically covered by that policy because the owner is also the named insured. The issue presented by this case only arises when the owner’s car has appropriate PIP coverage but that coverage does not protect the owner as an insured. We believe that the exception to coverage provided in section 627.736(4)(d)(4)(a), only applies if the owner required to have insurance has failed to arrange for its purchase. It does not apply when the required insurance has been purchased and simply does not insure the owner.
On appeal, the parties have cited various cases. In each case in which a person was held to be without PIP coverage, that person owned a car on which no insurance had been purchased. E.g., Epperson v. Dixie Ins. Co., 461 So.2d 172 (Fla. 1st DCA 1984); Industrial Fire & Cas. Co. v. Augstin, 412 So.2d 418 (Fla. 3d DCA 1982). While it is true that Pearson herself did not purchase insurance on the Oldsmobile, the co-owner did. Consequently, there was a policy covering the Oldsmobile in effect at the time of Pearson’s injuries.
Allstate contends that section 627.733(1), Florida Statutes (1987), requires Pearson, as a co-owner, to purchase her own coverage, thereby perhaps duplicating the coverage maintained by Taylor. We disagree. We interpret the requirement of section 627.733(1) that each owner must “maintain security” to mean that each owner must be sure the car is insured. It does not require each owner to buy a separate policy.
We affirm that portion of the final summary judgment in favor of State Farm; we vacate the summary judgment in favor of Allstate. We remand for proceedings consistent with this opinion.
SCHOONOVER and ALTENBERND, JJ., concur.