ACCEPTED
14-14-00238-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
3/16/2015 4:28:51 PM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00238-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/16/2015 4:28:51 PM
CHRISTOPHER A. PRINE
Clerk

MODIS INC.,

APPELLANT,

VS.

NET MATRIX SOLUTIONS, INC.,

APPELLEE.

On Appeal from the County Court at Law No. 3 of Harris County, Texas
The Honorable Linda Storey, Presiding
Cause No. 1015435

APPELLEE'S MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellee Net Matrix Solutions, Inc. moves for rehearing with regard to the Court's judgment and opinion issued on March 3, 2015, and respectfully states:

The Court rests its analysis on the proposition that in the provision protecting the interests of Net Matrix (paragraph 8F), "hire" must mean "hire directly" because other provisions protecting Modis (paragraphs 8C and 8D)

1

use language that suggests "indirect" as well as "direct" action.[1]

The Court should reconsider this construction. The meaning of the term "hire" is in no way limited in Paragraph 8C, nor does the agreement include a definition of the term "hire."

The Subcontractor Agreement was prepared by Modis on its own standard form. *See* Plaintiff's Exhibit 2 (Subcontractor Agreement, prepared on form with "Modis" heading). The drafter does not need to define every term to avoid ambiguity, but the drafter cannot fail to define a term and "then claim the narrow and favorable interpretation." *Dahl-Eimers*, 986 F.2d at 1382; *see also Roberson v. United Services Auto. Ass'n,* 330 So. 2d 745, 747 (Fla. Dist. Ct. App. 1976); *Nat'l Merch. Co., Inc. v. United Serv. Auto. Ass'n,* 400 So. 2d 526, 530 (Fla. Dist. Ct. App. 1981) (noting that insurance policies are contracts and that insurers are drafters, so any ambiguities are construed against the drafter); *Mid-Continent Cas. Co. v. Basdeo,* 742 F. Supp. 2d 1293, 1340 (S.D. Fla. 2010), aff'd, 477 Fed. Appx. 702 (11th Cir. 2012); *Bowen v. Cullman Bros., Inc.,* 414 F.2d 739, 741 (5th Cir. 1969) (citing Florida law, rejecting the narrow interpretation proposed by the drafter of the contract).

The Court's construction ignores the fact that in the computer consulting business in which both Modis and Net Matrix are engaged, hiring is commonly

---

[1] Paragraphs 8D and 8F use the term "hire." Paragraph 8C does not use that term.

done through subcontractors – exactly what occurred in this case. RR:24-25 (N. Jain). And, this subcontract was the only placement of any kind between Modis and Net Matrix. Plaintiff's Exhibit 16 at 2 (deposition testimony of L. Kelley). The Court's construction thus has precisely the effect it is trying to avoid – it leaves Paragraph 8F with little if any meaning. Since consulting companies typically act as subcontractors to each other, and as that is the only contractual relationship that existed between Net Matrix and Modis, to exclude hiring through a subcontractor emasculates this provision.

Moreover, courts must "give effect to the 'plain language'" of contracts. *Nat'l Merch. Co., Inc.*, 400 So. 2d at 530; *Dahl-Eimers*, 986 F.2d at 1382 (the first step is to determine the "natural or plain meaning" of the contract language); *Adolfo House Distrib. Corp. v. Travelers Prop. & Cas. Ins. Co.*, 165 F. Supp. 2d 1332, 1340 (S.D. Fla. 2001) ("terms of an insurance contract must be given their plain, ordinary and generally accepted meanings viewed from the perspective of the average person"). To do so, courts should look to the dictionary definitions of undefined contract terms. *Winn-Dixie Stores, Inc. v. Dolgencorp*, LLC, 746 F.3d 1008, 1026 (11th Cir. 2014) (reviewing the dictionary definition of groceries to determine its meaning in leases with grocery exclusives).

3

The first dictionary definition of "hire" is "to engage the personal services of for a set sum."[2] This definition is not limited to the manner in which an individual is hired, whether as an employee or a subcontractor, whether direct or indirect. The concept is simply that the individual is "hired" to do a job, however that might be accomplished.

To the extent that the use of more specific language in Paragraphs 8C and 8D creates any ambiguity, the Court should consider extrinsic evidence, including the meaning that the *parties themselves* understood. *See, e.g., Crespo v. Crespo*, 28 So.3d 125, 128 (Fla. Ct. Ap. 2010). In this case, testimony established the broad meaning and purpose of this provision. RR:32 (N. Jain.); Plaintiff's Exhibit 16 at 4-5 (L. Kelley). Indeed, Modis' office manager herself testified that Modis had "hired" Net Matrix's employee. Plaintiff's Exhibit 16 at 8 (L. Kelley). And, this construction is most consistent with the conduct of Modis' employees, who were untruthful to Net Matrix about their hiring of Nistane.[3]

Neither Modis nor the Court has cited any authority, from Florida or elsewhere, that suggests a broad term should not be given its ordinary meaning -- in this case, the meaning ascribed by the parties themselves -- because more

---

[2]Merriam-Webster Dictionary, www.merriam-webster.com/inter?dest=/dictionary/hire.

[3] Modis knew of Nistane's statements to Net Matrix regarding his supposed new job, and knew that those statements were untrue, yet Modis did nothing to inform Net Matrix of the truth. RR 79-82 (Hayes) and PX10; PX16 (Kelley) at pp. 19-20, 31-34 and PX11. Brief of Appellee at 4.

4

specific terminology is used elsewhere in the agreement. As discussed in Appellees' Brief, the concept of "hiring" under Florida law is consistent with the dictionary definition and thus includes indirect as well as direct hiring of an employee. If Modis meant to include only "direct" hiring in Paragraph 8F, it easily could have done so.

For these reasons, Net Matrix respectfully submits that the Court should reconsider its decision in this appeal.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: _____

H. Miles Cohn
State Bar No. 04509600
mcohn@craincaton.com
Michelle V. Friery
State Bar No. 24040934
mfriery@craincaton.com
CRAIN, CATON & JAMES, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77010
Telephone: (713) 752-8668
Facsimile: (713) 658-1921
COUNSEL FOR APPELLEE
NET MATRIX SOLUTIONS, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of March, 2015, a true and correct copy of the foregoing was served via ECF to Appellant's counsel:

R. Rogge Dunn
Gregory M. Clift
Clouse Dunn LLP
1201 Elm St., Suite 5200
Dallas, Texas 75270-2142
Facsimile: (214) 220-3833
Email: rdunn@trialtested.com
Email: gclift@clousedunn.com

_____
H. Miles Cohn